# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**BROOKLYN TURNER, on behalf of
herself and others similarly situated,**

    **Plaintiff,**

**v.**                                                      **Case No. 8:08-cv-1062-T-30MAP**

**ALDO U.S., INC., a foreign corporation,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Decertification (Dkt. 56) and Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Decertification (Dkt. 58). The Court, having reviewed the motion, response, and being otherwise advised in the premises, finds that Defendant's Motion for Decertification (Dkt. 56) should be denied.

## BACKGROUND

Plaintiffs brought this action as a collective action under the opt-in provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216, against Defendant Aldo U.S., Inc. ("Defendant"). The complaint alleges violations of the FLSA's overtime provisions and seeks liquidated damages and the imposition of a three-year statute of limitations.

On July 31, 2008, the parties filed a Stipulation for Conditional Class Certification, Notice to Class, and Tolling Agreement. (Dkt. 24). The parties stipulated that an initial class

should be conditionally certified as to "store managers." The conditional class included all current and former store managers who worked for Defendant and who were paid without receiving overtime for any hours worked over forty (40) in a work week. On August 6, 2008, the Court entered an Endorsed Order approving the Stipulation (Dkt. 25).

As of November 24, 2008, approximately one hundred and fifty-five (155) Plaintiffs comprise the conditional class of former or current store managers. On July 2, 2009, Defendant filed a Motion for Decertification (Dkt. 56). Defendant argues that the class should be decertified because members of the class are not linked by the same compensation structure or the same type of overtime violation. Defendant also argues that its defenses vary significantly depending on the particular facts applicable to individual class members and fairness and procedural considerations weigh in favor of decertification of the conditional class.

On July 20, 2009, Plaintiffs filed their Memorandum of Law in Opposition to Defendant's Motion for Decertification (Dkt. 58). Plaintiffs argue that the members of the conditional class are similarly situated, Defendant's defenses are overshadowed by the numerous similarities of the class members, and fairness and procedural considerations overwhelmingly support the continuation of the collective action. The Court agrees that it would be inappropriate to decertify the class, because the members are similarly situated and Defendant's individualized defenses are not significant enough to overcome the similarities between the class members.

**DISCUSSION**

The FLSA provides that an action for overtime compensation "may be maintained ... by any one or more employees for and in behalf of himself or themselves *and other employees similarly situated*." 29 U.S.C. § 216(b) (emphasis added). The Eleventh Circuit Court of Appeals has outlined a two-tiered procedure to guide district courts in deciding whether plaintiffs are "similarly situated" for purposes of class certification under § 216(b). *Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208, 1217 (11th Cir. 2001); *Cameron-Grant v. Maxim Healthcare Servs., Inc.,* 347 F.3d 1240, 1243 (11th Cir.2003) ("*Hipp* outlined a two-tiered procedure that district courts should use in certifying collective actions under § 216(b) ..."). At the "notice stage" of the two-tiered procedure, a court's determination is "usually based only on the pleadings and any affidavits which have been submitted." *Hipp,* 252 F.3d at 1218 (quoting *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir.1995)). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* The second stage of the two-tiered procedure usually occurs at the end of discovery upon the defendant's motion for decertification of the class. *Id.* At the second stage, the court has much more information on which to base its decision and makes a factual determination on the similarly situated question. *Id.*

The Eleventh Circuit has recently provided some clarity to the analysis conducted at the decertification stage. *Anderson v. Cagle's, Inc.,* 488 F.3d 945 (11th Cir.2007); *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008). At this stage, the

"similarly situated" standard is "less 'lenient' than at the first, as is the plaintiffs' burden in meeting the standard." *Anderson*, 488 F.3d at 953 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir.2001)). The Court in *Anderson* declined to specify how less lenient the standard is, noting "logically the more material distinctions revealed by the evidence, the more likely the district court is to decertify the collective action." *Anderson,* 488 F.3d at 953. Most telling, the court in *Anderson* approved a district court's observation that "although the FLSA does not require potential class members to hold identical positions, the similarities necessary to maintain a collective action under § 216(b) must extend 'beyond the mere facts of job duties and pay provisions.' " *Id.* (quoting *White v. Osmose, Inc.,* 204 F. Supp. 2d 1309, 1314 (M.D. Ala.2002)) (internal citations omitted.) With respect to the plaintiffs' burden at the decertification stage, the *Anderson* court similarly declined to provide an exact barometer, noting that the district court *may* deny class certification "based solely on allegations and affidavits, depending upon the evidence presented by the party seeking decertification." *Anderson,* 488 F.3d at 953.

The decision to certify or decertify a collective action under section 216(b) is soundly within the district court's discretion. The district court is held to an abuse of discretion standard on legal or procedural questions and a clearly erroneous standard on factual questions; "[a] district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Anderson,* 488 F.3d at 953. Unless the district court's decision amounts

to a clear error of judgment, the decision will stand even if the appellate court "would have gone the other way." *Id.* at 954.

In performing the similarly situated analysis, the court should consider the following factors: 1) the disparate factual and employment settings of the individual plaintiffs; 2) the various defenses available to defendant that appear to be individual to each plaintiff; and 3) fairness and procedural considerations. *Anderson,* 488 F.3d at 953 (citing *Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1103 (10th Cir.2001)). In conducting this analysis, the court should keep at the forefront the Eleventh Circuit's repeated assertions that class members need only be similar, not identical. *Anderson,* 488 F.3d at 953; *Grayson* 79 F.3d at 1096.

Moreover, several federal courts have observed that the FLSA is designed to be a remedial statute, and it "should be given a broad reading, in favor of coverage." *See e.g. Kelley v. Alamo,* 964 F.2d 747, 749-50 (8th Cir.1992); *Fegley v. Higgins,* 19 F.3d 1126, 1132 (6th Cir.1994). Collective actions under § 216(b) are designed to help lower the costs to plaintiffs through the pooling of resources and to benefit the judicial system by efficient resolution in one proceeding of common issues of law and fact. *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). Accordingly, the Court must balance these benefits with any potential detriment to the defendant and the potential for judicial inefficiency as a result of collective treatment. *Id.*

Here, Plaintiffs have met their burden and demonstrated they are similarly situated in order to benefit from the advantages of a collective action under § 216(b). Defendant's main argument is that the class members are not similarly situated because in June 2007, Defendant changed its compensation structure, which affects the class members differently based on whether they worked prior to or after June 2007.[1] However, this change was applied across the board to the store managers and does not change Plaintiff's main argument, which applies to all of the class members, that the store managers do not meet the executive exemption, either before or after June 2007, because Defendant cannot meet the salary requirement. Importantly, the class members do not need to be "identical," and the change in the compensation structure is not significant enough to change the fact that the store managers are clearly similarly situated.

The fact that Defendant may assert defenses that are individualized does not preclude certification. *See Morgan*, 551 F.3d at 1262 (noting that "ultimately, whether a collective action is appropriate depends largely on the factual question of whether the plaintiff employees are similarly situated to one another"). In *Morgan*, the Eleventh Circuit stated:

> Just because the inquiry is fact-intensive does not preclude a collective action where plaintiffs share common job traits. Given the volume of evidence showing the store managers were similarly situated, and the fact that Family Dollar applied the executive exemption across-the-board to every store manager-no matter the size, region, or sales volume of the store-Family Dollar has not shown clear error in the district court's finding that its defenses were not so individually tailored to each Plaintiff as to make this collective action unwarranted or unmanageable.

---

[1] Approximately fifty-three (53) members of the conditional class were employed by Defendant both before and after June 9, 2007, and thus were paid under both compensation structures.

551 F.3d at 1263.[2]

If the Court were to decertify the conditional class, the federal court system would potentially have hundreds of individual lawsuits all dealing with the same issue. Defendant has failed to present any argument that convinces the Court that the trial would be unmanageable or particularly burdensome. Accordingly, Defendant's Motion for Decertification must be denied and this case will proceed collectively.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion for Decertification (Dkt. 56) is hereby **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida on August 6, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-1062.mtdecertification.frm

---

[2] Notably, *Morgan* involved 1,424 Plaintiffs.