UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BROOKLYN TURNER, on behalf of
herself and others similarly situated,**

    **Plaintiffs,**

**v.**                                                **Case No. 8:08-cv-1062-T-30MAP**

**ALDO U.S., INC., a foreign corporation,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Partial Summary Judgment and Supporting Memorandum of Law (Dkt. 48) and Defendant's Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment (Dkt. 53). The Court, having reviewed the motion, response, record evidence, and being otherwise advised in the premises, finds that Plaintiffs' Motion for Partial Summary Judgment (Dkt. 48) must be denied.

## BACKGROUND

Defendant Aldo U.S., Inc. ("Defendant" or "Aldo") is a retailer of high fashion shoes and accessories. Aldo has more than 400 stores in the United States. Stores are divided among eight regions. Each region is broken into districts and 10-15 store managers report to a district manager.

Maryse Ward ("Ward") is Aldo's Director of Human Resources. Prior to June 9, 2007, Aldo's store managers were paid for time worked at a weekly rate of pay that was adjusted for any variance under or over 40 hours. During this time, store managers were paid straight time for any hour worked over 40. In early 2007, with guidance from the Department of Labor ("DOL"), Aldo began auditing 2 years of payroll records for every United States store manager. During this investigation, the DOL informed Ward that Aldo had misapplied the salary basis requirement because Aldo was making deductions to store manager salaries during any week that the store manager worked fewer than 40 hours. Accordingly, under the DOL's oversight, Aldo calculated the total deductions taken from the salary of the store managers that had worked fewer than 40 hours in a workweek for a two year period of time and reimbursed the affected store managers.

Effective June 9, 2007, Aldo established a fixed predetermined weekly salary for store managers. The store managers receive a fixed weekly salary except when they were provided with unpaid personal leave in full day increments or resigned in the middle of a week. According to Aldo, unpaid personal leave occurred rarely.

Plaintiffs brought this action as a collective action under the opt-in provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216, against Aldo. The complaint alleges violations of the FLSA's overtime provisions and seeks liquidated damages and the imposition of a three-year statute of limitations. In essence, Plaintiffs argue entitlement to overtime for any hours worked over 40 in a workweek, because Aldo cannot meet the salary

requirement of any applicable exemption, and, thus, Plaintiffs cannot be exempt from the FLSA's overtime provisions.

On July 31, 2008, the parties filed a Stipulation for Conditional Class Certification, Notice to Class, and Tolling Agreement. (Dkt. 24). The parties stipulated that an initial class should be conditionally certified as to "store managers." The conditional class included all current and former store managers who worked for Defendant and who were paid without receiving overtime for any hours worked over forty (40) in a work week. On August 6, 2008, the Court entered an Endorsed Order approving the Stipulation (Dkt. 25).

As of November 24, 2008, approximately one hundred and fifty-five (155) Plaintiffs comprise the conditional class of former or current store managers.[1] On May 22, 2009, Plaintiffs filed the instant Motion for Partial Summary Judgment arguing that they are entitled to summary judgment on the issue of liability. Plaintiffs also moved for summary judgment on their entitlement to an application of a three-year statute of limitations and liquidated damages.

On June 22, 2009, Defendant filed its Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment (Dkt. 53). Defendant argues that Plaintiffs are not entitled to partial summary judgment on liability because Plaintiffs failed to present any evidence that they performed work and were not compensated for that work. Defendant also argues that it is inappropriate to grant summary judgment, as a matter of law, on the issues

---

[1] On July 2, 2009, Defendant filed a Motion for Decertification of the conditional class of former or current store managers (Dkt. 56), which the Court denied on August 6, 2009 (Dkt. 59).

of whether a three-year statute of limitations should apply to the facts of this case and whether Plaintiffs are entitled to liquidated damages. For the reasons set forth below, the Court agrees that Plaintiffs' Motion for Partial Summary Judgment must be denied.

## DISCUSSION

### I. Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that

there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

**II.   Legal Analysis**

    **A.   Plaintiffs' Motion for Partial Summary Judgment on Defendant's Statutory Liability**

Plaintiffs first argue that they are entitled to partial summary judgment on Defendant's statutory liability. Defendant argues that Plaintiffs have not satisfied their initial burden of proof, i.e., that they performed work for which they were not properly compensated. The Court agrees that Plaintiffs failed to meet their initial burden of proof. It is well-established that an employee who brings an action under the FLSA for unpaid overtime compensation and liquidated damages has the initial burden of proving that he performed work for which he was improperly compensated. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680,

687-88, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), superseded by statute on other grounds as stated in Carter v. Panama Canal Co., 463 F.2d 1289, 1293 (D.C. Cir. 1972). When accurate records or precise evidence of the hours worked do not exist, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Rossi v. Assoc. Limousine Servis., Inc., 438 F. Supp. 2d 1354, 1365 (S.D. Fla. 2006).

Here, Plaintiffs have not pointed to any evidence that establishes that they are entitled to overtime compensation. Rather, Plaintiffs focus on whether Defendant can meet the salary requirement of any applicable exemption. This is insufficient to establish that Plaintiffs are entitled to summary judgment on the issue of liability. Also, Plaintiffs' narrow focus on the exemption issue fails to address Defendant's additional arguments against liability. Although Defendant admits that it will not argue that store managers were exempt from the FLSA's overtime provisions prior to June 2007, Defendant asserts additional arguments that could preclude liability. Moreover, there are material disputed facts regarding whether Defendant's deductions for unpaid time off after June 2007 destroyed the store managers' exempt status. Accordingly, Plaintiffs' Motion for Partial Summary Judgment on the issue of liability must be denied.

**B. Plaintiffs' Motion for Partial Summary Judgment on Their Entitlement to Liquidated Damages**

Plaintiffs argue that they are entitled to liquidated damages as a matter of law. Defendant argues that summary judgment on the issue of liquidated damages is inappropriate because triable issues remain on Plaintiffs' overtime claims. The Court agrees that it would be inappropriate to grant summary judgment on the issue of liquidated damages.

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, "the Portal-to-Portal Act ... provides a good faith defense to employers to an award of liquidated damages 'if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" Spires v. Ben Hill County, 980 F.2d 683, 689 (11th Cir. 1993) (quoting 29 U.S.C. § 260). "If a court determines that an employer has established a good faith defense, it may, 'in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of [Title 29].'" Id.

The Eleventh Circuit has articulated the following standard for establishing a good faith defense:

> An employer who seeks to avoid liquidated damages bears the burden of proving that its violation was "both in good faith and predicated upon such reasonable grounds that

> it would be unfair to impose upon him more than a compensatory verdict." An employer who knew or had reason to know that the FLSA applied, could not establish good faith as a defense.... Liquidated damages are mandatory absent a showing of good faith.

Id. (quoting United States v. McKennon, 814 F.2d 1539 (11th Cir. 1987) and citing 29 C.F.R. § 790.13-.22). The FLSA "assigns to the judge the role of finding whether the employer acted in subjective and objective good faith for liquidated damages purposes." Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1163 (11th Cir. 2008) (citing 29 U.S.C. § 260). A determination of Defendant's good faith for purposes of deciding liquidated damages as to Plaintiffs' overtime claims is premature insofar as the issue of Defendant's violation of the FLSA has yet to be determined. Accordingly, Plaintiffs' Motion for Partial Summary Judgment on the issue of liquidated damages must be denied.

### C. Plaintiffs' Motion for Partial Summary Judgment on Their Entitlement to a Three-Year Statute of Limitations

Plaintiffs argue that they are entitled to a three-year statute of limitations as a matter of law. Defendant argues that this issue is premature because the issue of "willfulness" is a jury question inappropriate for summary disposition. The Court agrees that it would be inappropriate to rule that Plaintiffs are entitled to a three-year statute of limitations as a matter of law.

The "statute of limitations for claims seeking unpaid overtime wages [or minimum wages] generally is two years [after the cause of action accrued], but if the claim is one 'arising out of a willful violation,' another year is added to it." Alvarez Perez, 515 F.3d at 1162 (quoting 29 U.S.C. § 255(a)). "To establish that the violation of the Act was willful in

order to extend the limitations period, the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." Id. at 1162-63 (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)).

As defined by the Code of Federal Regulations, "reckless disregard" is the "failure to make adequate inquiry into whether conduct is in compliance with the Act." Id. at 1163 (quoting 5 C.F.R. § 551.104). The "three-year statute of limitations may apply even when the employer did not knowingly violate the FLSA; rather, it may apply when it simply disregarded the possibility that it might be violating the FLSA." Allen v. Bd. of Public Ed., 495 F.3d 1306, 1324 (11th Cir. 2007). "If an employer acts unreasonably but not recklessly in determining its legal obligation under the FLSA, then its actions should not be considered willful and the two-year statute of limitations should be applied." Id. (citations omitted). "The determination of willfulness is 'a mixed question of law and fact.'" Id. The law is unclear in the Eleventh Circuit as to whether the determination of willfulness for purposes of ascertaining the statute of limitations period is to be decided by the jury. Alvarez Perez, 515 F.3d at 1163 & n. 3. In Alvarez Perez, the Eleventh Circuit indicated that it may be a decision either for the judge or the jury. Id.

Plaintiffs argue that the Court should find as a matter of law that Defendant's actions giving rise to the FLSA claims were willful, and that therefore the three-year statute of limitations should apply. However, as set forth herein, questions of fact exist as to Defendant's liability. Thus, the Court cannot make a determination on the issue of willfulness

until the issue of Defendant's violation of the FLSA is determined. See Allen, 495 F.3d at 1324 (concluding that because "triable issues of fact remain[ed] as to some of [the p]laintiffs' claims that they worked overtime without compensation ... a determination of which statute of limitations to apply must be reserved until it is determined whether a violation of the FLSA occurred"). Accordingly, Plaintiffs' Motion for Partial Summary Judgment on the issue of the statute of limitations must be denied.

## CONCLUSION

For the reasons set forth herein, it is ORDERED and ADJUDGED that Plaintiffs' Motion for Partial Summary Judgment and Supporting Memorandum of Law (Dkt. 48) is hereby **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 10, 2009.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-1062.msj.frm